UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARTIN,<br><br>          Petitioner,<br>v.<br><br>JEANNE WOODFORD, Warden, et. al.,<br><br>          Respondents. | Civil No. 06cv0622 JAH (CAB)<br><br>**ORDER DENYING PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY** |

## BACKGROUND

Petitioner, a state prisoner appearing *pro se*, filed a petition for writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. § 2254 to the District Court for the Central District of California and filed an amended petition on March 3, 2006. The action was later transferred to this Court. On May 19, 2006, this Court dismissed the petition for failure to clearly and succinctly state the grounds for relief and directed Petitioner to file an amended petition no later than July 24, 2006. After the Court granted Petitioner's request for an extension of time, Petitioner filed a First Amended Petition on August 4, 2006. Upon finding the petition again failed to state a cognizable habeas claim, the Court dismissed the First Amended Petition on August 16, 2006. On September 19, 2006, Petitioner filed a request to file a Second Amended Petition. On September 28, 2006, the Court denied the request. Petitioner now seeks to appeal the denial of his request to file a Second Amended Petition and seeks a certificate of appealability.

//

## LEGAL STANDARD

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, petitioner must show that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citing Slack v. Mc Daniel, 529 U.S. 473 (2000)), and Barefoot v. Estelle, 463 U.S. 880 (1983). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." Lambright, 220 F.3d at 1025 (citing Barefoot, 463 U.S. at 893 n. 4).

## ANALYSIS

Plaintiff sought to file an amended petition arguing "he was denied the right to direct appeal of his state conviction to the Ninth Circuit Court of Appeal. . ." Motion at 1-2. He further asserted he was denied access to the court by the "illegal search and seizure of his legal (property) mail." Id. at 2. The Court found the Ninth Circuit does not have jurisdiction to hear a direct appeal of a state court petition pursuant to Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The Court further found Petitioner did not identify any claim he intended to present in a second amended petition and failed to identify why the alleged interference with his legal papers by prison authorities renders his incarceration or sentence constitutionally invalid.

Petitioner argues he is being discriminated against "because of his disabilities. . ." He seeks reasonable accommodations, including extensions of time, an order granting him permission to file a Second Amended Petition, and an order allowing Petitioner to appeal to the Ninth Circuit should the Court deny his previous requests. This Court finds Petitioner's claims do not present a question of substance debatable among jurists nor do the claims raise serious and substantial legal concerns that implicate his constitutional rights. Lambright, 220 F.3d at 1024-25.

//

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's request for a certificate of appealability is **DENIED.**

DATED: November 8, 2006

HON. JOHN A. HOUSTON
United States District Judge